# United States District Court
# Eastern District of Wisconsin

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2013 JUN 27 P 3:37

JON A. SANFILIPPO
CLERK

Margaret Bach

(Full Name of Plaintiff or Plaintiffs)

vs

United States

(Full Name of Defendant or Defendants)

No. 13-C-0734
(Supplied by Clerk)

## COMPLAINT

I. **PREVIOUS LAWSUITS**

   A. Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action?
      ☒ YES      ☒ NO

   B. Have you begun other lawsuits in state or federal court?
      ☒ YES      ☐ NO

   C. If your answer to A or B was YES, provide the requested information below. If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

   See attached pages

   1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

   2. Court in which lawsuit brought (if federal court, name district: if state court, name the county) _____

# PREVIOUS LAWSUITS

This complaint is related to a series of lower court decisions, and two federal court complaints. I have a severely disabled child who has been in protective placement since he was 12 years old in 2000. Milwaukee County took over funding decisions for his care from the state in 2007. The group home they moved him to proved unsafe after only one month, so I brought him home to live in November 2007. Milwaukee County never provided adequate care as required by law to keep us safe. I was injured to the point of needing surgery after my son attacked me numerous times. It is not his fault. He has a rare brain tumor, one of only 200 cases in the world, which causes seizures and violent behavior without warning.

I was paid for the care I provided my son in our home for the first 17 months, then not paid at all for 11 months, then paid again for 19 months until they came and took him from our home illegally. They came the night of October 7, 2011 with the police at night without a warrant or the 30-day notice required by federal law.

My pay was funded 60% by the federal government, and 40% by the state/Milwaukee County. Milwaukee County has had complete control over how much care my son receives. When they did pay me, they paid me a set hourly rate to be his care provider, and issued a W-2 for tax purposes. But they told me I was an independent contractor so they did not have to offer any workers compensation, unemployment, expense reimbursement, etc. I had significant expenses in caring for my son that were not covered, especially the 11 months I cared for him and they provided no payment. I functioned as his group home owner, supervisor, nurse, and care provider. I paid for all his food, medical expenses, daily activities, and insurance. I put ads in newspapers when I needed to hire aides for him, and did all the hiring, firing, supervising, and training for 30 aides over the four years he was home.

So if Milwaukee County would have paid me on a 1099, as they should have, my tax return Schedule A and Schedule C deductions would have been allowed, and this complaint would not have been necessary. That is why all the complex litigation detailed in these pages is related.

1
Case 2:13-cv-00734-RTR   Filed 06/27/13   Page 2 of 17   Document 1

A. Federal Complaint Section 1983, First Amendment Violation For The Right To Speak To My Son's Group Home Staff, Picket Like Any Other Citizen, And Access The Courts For Relief/ Temporary Restraining Order

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants:

   a. Milwaukee County Circuit Court
      Judge Jane Carroll presiding
      901 N. 9th Street, room 206
      Milwaukee WI 53233

   b. Milwaukee County
      901 N. 9th Street, room 303
      Milwaukee, WI 53233

   c. Dewey Martin
      Milwaukee County Corporation Counsel
      901 N. 9th Street, room 303
      Milwaukee, WI 53233

   d. Elizabeth Ruthmansdorfer
      330 E. Kilbourn Ave. Suite 1017
      Milwaukee, WI 53202

   e. Moertl Wilkins & Campbell, S.C.
      Terry Campbell, registered agent
      330 E. Kilbourn Ave. Suite 1017
      Milwaukee, WI 53202

   f. Denice Mader
      Life Navigators
      7203 W. Center Street
      Wauwatosa, WI 53210

   g. Lynn Wagner
      Life Navigators
      7203 W. Center Street
      Wauwatosa, WI 53210

2

h. Life Navigators
   Vicki Wachniak, registered agent
   7203 W. Center Street
   Wauwatosa, WI 53210

i. Maureen McGinnity
   Foley & Lardner
   777 E. Wisconsin Ave. Suite 3800
   Milwaukee, WI 53202

j. Foley & Lardner, LLP.
   F & L Corp., registered agent
   777 E. Wisconsin Ave. Suite 3800
   Milwaukee, WI 53202

k. Christine Gabor
   Disability Rights Wisconsin
   6737 West Washington Street Suite 3230
   Milwaukee, WI 53214

l. Disability Rights Wisconsin
   Tom Masseau, registered agent
   131 W. Wilson Street #700
   Madison, WI 53703

m. Katie Domer
   Easter Seals
   2222 S. 114th Street
   West Allis, WI 53227

n. Easter Seals of Southeast Wisconsin, Inc.
   Robert Glowacki, registered agent
   2222 S. 114th Street
   West Allis, WI 53227

o. Krista Buchholtz
   Wilson Elser Moskowitz, Edelman & Dicker, LLP.
   740 North Plankinton Ave. #600
   Milwaukee, WI 53203

p. Wilson Elser Moskowitz, Edelman & Dicker, LLP.
   Foreign Limited Liability Partnership
   CT Corporation System, registered agent
   8040 Excelsior Dr. Suite 200
   Madison, WI 53717
   Principle Office: 150 E. 42nd Street
   New York, NY 10017-5639

3

q. Dr. Gary Stark
   9455 W. Watertown Plank Road
   Milwaukee, WI 53226

r. Milwaukee County Mental Health Complex
   9455 W. Watertown Plank Road
   Milwaukee, WI 53226

s. Scott McCardell
   Bridges of Wisconsin
   2361 W. Washington Street, Suite 3A
   West Bend, WI 53095

t. Bridges of Wisconsin
   2361 W. Washington Street, Suite 3A
   West Bend, WI 53095

u. Officer Jullian Goggans
   Milwaukee Police Department
   749 West State Street
   Milwaukee, WI 53233

v. Milwaukee Police Department
   749 West State Street
   Milwaukee, WI 53233

2. Eastern District of Wisconsin
3. Docket Number 13-C-0370
4. Pending
5. Margaret filed the complaint 4-2-13
6. Pending

B. **Aaron Institutionalized / Watts Review 2011-2012/ Review of Conduct of Guardian/ Modification of Protective Placement/ Temporary Restraining Order.**

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Circuit Court
   Judge Jane Carroll presiding
   901 North 9th Street
   Milwaukee, WI 53233

   Milwaukee County
   Corporation Counsel Dewey Martin
   901 North 9th Street, Room 303
   Milwaukee, WI 53233

   Elizabeth Ruthmansdorfer
   Guardian ad Litem
   330 East Kilbourn Ave., Suite 1017
   Milwaukee, WI 53202

   Life Navigators
   Maureen McGinnity, counsel
   Foley & Lardner
   777 East Wisconsin Ave.
   Milwaukee, WI 53202

   Disability Right Wisconsin
   Shirin Cabraal and Christine Gabron
   Adversary Counsel for Aaron Bach
   6737 West Washington St., Suite 3230
   Milwaukee, WI 53214

2. Milwaukee County Circuit Court, Probate
3. Docket number 06GN501
4. The case was dismissed by Judge Jane Carroll. Margaret Bach's appeal was denied. No one appealed on behalf of Aaron Bach, although he disagreed with being taken form his home and forced to live in an institution for the past 18 months. Margaret's appeal requested she be allowed to pursue her claim on this in federal court. She will pursue the appellate court denial.

5. Margaret Bach filed three motions on 1-6-12: Temporary Restraining Order, Modification of Protective Placement, and Review of Conduct of Guardian.
6. Judge Carroll dismissed the Review of Conduct of Guardian without a hearing on 1-19-12. Hearings were held on 2-16-12 and 3-20-12 on the Modification of Protective Placement, which she dismissed on 3-20-12. Watts Review hearings were held on 5-23-12 and 7-25-12 wherein she affirmed everything Milwaukee County asked for. Aaron is to be institutionalized until a group home is found. The Court of Appeals summarily dismissed the appeal 6-12-13. Margaret will pursue either with the Wisconsin Supreme Court or in federal court.

C. Federal Complaint Section 1983 Claim for Harm Caused By Milwaukee County, New Guardian and Defendants/ Prevent Aaron Being Institutionalized Again/ Reduced Wages/ Temporary Restraining Order.

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Life Navigators

   Milwaukee County
   Dr. Michele Andrade, and Dr. Justin Kuehl
   Krista Buchholz, counsel with Leib & Katt LLC.
   740 N. Plankinton Ave., Suite 600
   Milwaukee, WI 53203

   Easter Seals
   Sarah Bruch, counsel with Crivello Carlson
   710 North Plankinton Ave.
   Milwaukee, WI 53203

   Elizabeth Ruthmansdorfer, Guardian ad Litem
   David C. Rice
   Wisconsin Assistant Attorney General
   17 West Main Street
   P.O. Box 7857
   Madison, WI 53707-7857

2. Eastern District of Wisconsin.
3. Docket number 11-3485
4. The case was dismissed by Judge Charles Clevert, appealed to the Seventh Circuit Court of Appeals, but denied. Margaret then filed an *En Banc* petition, which was also denied, then a petition to the United States Supreme Court, also denied.
5. Margaret filed the complaint and temporary restraining order 8-31-11. She amended it 9-13-11, 9-19-11, 10-5-11, 10-11-11, and 10-17-11.
6. Judge Clevert held a hearing 10-31-11 and dismissed it, only considering the 9-13-11 amended complaint. Margaret appealed 11-2-11, and was denied 7-24-12. She had also motioned the court to proceed on appeal *in forma pauperis* on 2-22-12, but was denied 3-2-12. Margaret's *En Banc* petition was filed 8-7-12, and denied 8-22-12. She then petitioned the United States Supreme Court on 11-12-12, which was denied 2-19-13.

D. **Tort Claim For Physical and Emotional Harm, Property Damages and Money Judgment Caused By Milwaukee County Underfunding Aaron's Placement in His Home.**

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Milwaukee County
   Judge Michael Dwyer, Judge Mel Flanagan
   Elizabeth Ruthmansdorfer, Guardian ad Litem

   Richard Linhart, corporate guardian
   M. Susan Maloney, counsel with Siesennop & Sullivan
   200 North Jefferson, Suite 200
   Milwaukee, WI 53202

   ANEW Healthcare Services
   Paul Milaeger, counsel
   707 West Moreland Blvd.
   Waukesha, WI 53188

   Additional Party: Catherine Doyle
   Legal Aid Society of Milwaukee
   Aaron's Guardian ad Litem appointed after a year; after several parties were already dismissed; she supported with two briefs that Aaron was harmed and this was a valid complaint, then dismissed it without explanation over a year later
   521 North 8th Street
   Milwaukee, WI 53233

2. Milwaukee County Circuit Court, Civil
3. Docket numbers 2009CV16167 (Dugan and Amato) and 2010CV021369 (Witkowiak)
4. The case was dismissed piecemeal over time, but is now entirely dismissed, and the appeals have been entirely dismissed. The Wisconsin Supreme Court denied review 6-12-13
5. The original lawsuit was filed 10-12-09.
6. Judge Timothy Dugan dismissed several parties before appointed a guardian ad litem as Margaret requested. The suit was then bifurcated when Milwaukee County was dismissed for lack of a notice of claim to be re-filed when Margaret filed the notice of claim, and

County turned it down. The re-filed complaint, done 12-21-10 was now before Judge Timothy Witkowiak. Motions to consolidate were denied. Judge Dominic Amato rotated into the court taking over for Judge Dugan, and several other procedural steps occurred. Initially Judge Amato recused himself stating he could not be impartial an that our case needed a judge outside Milwaukee County. But the chief judge refused to accept Judge Amato's recusal and made him rule. He dismissed the final complaint 1-18-12, and Margaret's appeal was dismissed summarily 3-27-13. The Wisconsin Supreme Court denied review 6-12-13. Judge Witkowiak dismissed the complaint before him 12-13-11, and that appeal was summarily denied 1-23-13. The Wisconsin Supreme Court denied review 6-12-13. Margaret will be petitioning the United States Supreme Court.

### E. Temporary Restraining Order To Have Aaron Released From The Milwaukee County Mental Health Complex

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Milwaukee County

2. Milwaukee County Circuit Court, Probate
3. Docket number 06GN501
4. Judge William Brash dismissed the motion finding the increase in irreparable harm Aaron would suffer was insufficient to meet the requirements of a TRO because Aaron's doctor, Dr. Mariellen Fischer testified the danger was greater, but relative. (since Aaron's disability puts him at harm everywhere) Margaret appealed but the Court of Appeals said they had no jurisdiction since Judge Brash made no written order, only a verbal one. They did state Margaret could appeal once a written order was entered. Margaret had tried, but has been unable to obtain a written order from Judge Brash.
5. The motion was filed 7-27-11.
6. The motion was dismissed by Judge Brash 7-29-11. The appeal was found to have no jurisdiction, so is still in limbo.

### F. The 2010 Watts Review Ordered Aaron Out of His Home Into a Group Home, Although He Was to Stay in His Home Until a Safe Group Home Could be Found.

1. Parties Involved

    Plaintiff: Aaron Bach

    Margaret did not file her own appeal relying on the public defender's office this year, but asked to be an interested party. The Court of Appeals denied her request. When the appellate court dismissed, and the public defender planned to take no further action Margaret filed a petition with the Wisconsin Supreme Court. They denied the petition stating Margaret had no standing to appeal the ruling that took her son from their home, after the new guardian's attorney (not the guardian for this 2010 hearing) filed the objection.

    Defendants: Milwaukee County, Elizabeth Ruthmansdorfer

2. Milwaukee County Circuit Court, Probate
3. Docket number 06GN501
4. The Watts Review was appealed, but affirmed by the Court of Appeals. The Wisconsin Supreme Court denied to review stated Margaret had no standing to bring the petition. The United States Supreme Court denied review.
5. The 2010 Watts Review was held 9-10-10. Judge Mel Flanagan held the hearing without Margaret or Aaron present because Aaron had a seizure and behavior preventing his attendance. The order was written 10-6-10 stating Aaron should be moved to a group home, but would stay in his home until an appropriate group home could be found. The state public defender, Jeremy Perri, appealed 9-27-11.
6. The Court of Appeals affirmed 5-16-12. Margaret petitioned the Wisconsin Supreme Court 8-31-12 and when denied filed for reconsideration, but was denied again 10-2-12. Margaret then petitioned the United States Supreme Court 12-30-12, who denied review 3-18-13.

### G. Guardianship: Margaret's Taken, Subsequent Appointed Corporate Guardian's Challenged

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Milwaukee County, Elizabeth Ruthmansdorfer, Richard Linhart

2. Milwaukee County Circuit Court, Probate
3. Docket number 06GN501
4. Judge Mel Flanagan took Margaret's guardianship away for not being more objective and agreeable in working with Milwaukee County to have her son placed in a group home, which they stated would be cheaper. Aaron remained in his home with County funding one worker 24-hours a day expecting Margaret to be the second worker needed without compensation. It was argued this order allowed them to reduce Aaron's services without needing to follow the federal Medicaid Waiver law right to notice and appeal. Margaret appealed, but the appellate court affirmed citing the limited funds of Milwaukee County.

   Margaret filed a petition to review the new guardian's conduct after he refused to get her son's HIV test results after a significant exposure, but the circuit court denied her petition finding "no credible evidence he had not acted in Aaron's best interests". No explanation was given for the HIV untreated threat. Margaret appealed, but the appellate court confirmed. The Court of Appeals combined these two appeals, denying both. Margaret appealed to the Wisconsin and then United States Supreme Court, but both denied review.

5. Milwaukee County filed a petition to remove Margaret as guardian 4-15-09. The court took her guardianship 9-10-09. Margaret filed her appeal to regain guardianship 11-1-10. She petitioned the court to review Mr. Linhart's conduct as guardian 3-22-10, the circuit court order for Mr. Linhart to remain guardian was May 7, 2010, and Margaret's appeal was filed timely thereafter.
6. The Court of Appeals affirmed both circuit court orders 10-12-11. The Wisconsin Supreme Court denied review 2-23-12, and the United States Supreme Court also denied review.

## H. Protective Placement Order Insufficient to Keep Aaron Safe at Home

1. Parties Involved

   Plaintiffs: Margaret Bach, and Aaron Bach

   Defendants: Milwaukee County, Elizabeth Ruthmansdorfer,

2. Milwaukee County Circuit Court, Probate
3. Docket number 06GN501
4. The placement order for Aaron was insufficient to keep him safe in his home, so Margaret appealed the circuit court order. The Court of Appeals affirmed the circuit court order citing limited funds for Milwaukee County. The Wisconsin Supreme Court denied review.
5. Margaret filed her appeal 11-25-08.
6. The Court of Appeals answer came 9-15-09.

CIVIL RIGHTS COMPLAINT
PRO SE FORM
PAGE 3

Begin statement of claim:

1. I filed amended tax returns for 2008 and 2009 because after taking a tax law class at Marquette University Law School and meeting with 2 different accountants, I realized unusual circumstances made my case very complicated, so I was best served by filing my own returns.

2. I deserve every expense claimed in these amended returns, and all subsequent filings.

3. Part of my income came from caring for my disabled son in our home. Milwaukee County forced me to be my own group home, had total control over my son's level of care and what I was paid, and provided a W-2 for tax purposes. Normally, a W-2 would indicate I was an employee, and therefore due no Schedule C deductions.

4. However, Milwaukee County said I was an independent contractor. I needed surgery for an injury after my son attacked me due to his disability and the underfunded care in our home. But Milwaukee County told me they provided no workers compensation, and didn't have to because I was an independent contractor. Therefore, they should have provided a 1099 at tax time to allow me to deduct the many expenses I paid for being my son's group home.

5. My case is unusual and egregious because Milwaukee County admitted my son needed 2 staff 24-hours a day to be safe, but refused to pay me for the essential care I provided for 11 months. I was required to be at his side 24-7, sometimes up all night due to his seizures, but they refused to pay me. They paid me initially for 17 months, then later for 19 months but not the 11 months in between. This is slavery - a violation of the 13th Amendment. The government had an obligation to provide the care my son in protective placement needed, but did not. I should at least get the tax deductions I am due, even if I got no payment for my services. They treated me as an independent contractor, so that is how my tax return should be treated.

6. After my audit, 2010 came under review as well with the same issues in dispute.

CIVIL RIGHTS COMPLAINT
PRO SE FORM
PAGE 4

7. I immediately appealed the auditors denial of my Schedule A and Schedule C deductions that same day, 9-1-11. The auditor, Patty Cotton did not file it properly I believe because after repeated calls to her office asking about the progress on my appeal she called back and scheduled a meeting with myself and her and her supervisor on 8-29-12. Her supervisor, Kathy Bashaw told me she understood my arguments for ordinary and necessary business expenses, and had seen similar cases get approved at the appellate level, but they did not have the power to approve them in her office.

8. The appeals reviewer, Scott on 12-12-12 told me my appeal would only be allowed for 2008 and 2010. For some reason he was not allowed to address my 2009 appeal even though all the issues in dispute are identical and appealed together.

9. My appeal was held by phone 2-5-13, and denied quickly with limited discussion.

10. My first written response was received with a 2-15-13 date telling me my only option for review was filing in federal court within 2 years. This was for 2008 where I claimed a refund due of $16,756.

11. My second written response was received with a 2-20-13 date telling me it was a Notice of Deficiency and I had 90 days to appeal to tax court if I sought relief. This was for 2010 and they claimed I owed $6869. I had figured I was due a refund of $11,721.22. I was stressed and overwhelmed with all my other personal struggles as evidenced by the related legal cases I listed in this complaint, as well as two foreclosure battles and earnest job search. So I did not read this document when it arrived, putting it on the pile with the earlier one believing I had two years to appeal this decision.

12. The refunds I should have received from 2010, 2011, and 2012 were taken and applied to what they claim I owe. But I do not owe the IRS, they owe me for the valid deductions I was denied unjustly.

## IV. RELIEF YOU REQUEST

State exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DO NOT USE THIS SPACE TO STATE THE FACTS OF YOUR CLAIM. USE IT ONLY TO REQUEST REMEDIES FOR THE INJURIES YOU COMPLAIN ABOUT. Use only the space provided. The court strongly disapproves of requesting remedies outside the space provided.

1.) Recognize the deductions taken on my tax returns were valid, conforming to the tax code to allow for the following refunds:

2008 — $ 14,756

2009 — $ 5284

2010 — $ 11,721.22

2011 — $ 5798.05

2012 — $ 439.89    (Total — $ 39,999.16)

2.) Allow for any appropriate damages due to their delays in mismanaging the appeals process leading to an illegal seizure of my property.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 27th day of June, 2013.

Margaret Bach

(Signature of Plaintiff(s))