# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARGARET BACH,**

        Plaintiff,

    -vs-                                   Case No. 13-C-734

**UNITED STATES OF AMERICA,**

        Defendant.

# DECISION AND ORDER

Margaret Bach claims that she is entitled to income tax refunds for the years 2008 through 2012. The United States moved to dismiss, advancing a facial attack on Bach's complaint due to lack of subject matter jurisdiction. *See Curry v. United States*, 774 F.2d 852, 854 (7th Cir. 1985) ("full payment of the assessed taxes is a prerequisite to filing a refund suit in a federal district court"); *Greene-Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir. 2008) ("a district court lacks jurisdiction over a refund claim that has not first been filed with the IRS"). After Bach responded, the United States changed course, advancing a factual attack with respect to the years 2009-12, but conceding that Bach has satisfied the jurisdictional prerequisites for 2008.

The distinction between facial and factual challenges has been explained as follows:

> Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter

> jurisdiction. . . . In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.' . . . The law is clear that when considering a motion that launches a factual attack against jurisdiction, '[the] district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'

*Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (internal citations omitted) (emphases in original). In support of its factual attack, the government provides evidence that Bach did not fully pay her assessments for 2009-10, and that the government applied her 2011-12 overpayments to the 2009 deficiency. ECF No. 16, Declaration of Pat Kosmatka, Advisor with the Internal Revenue Service. Therefore, the Court does not have jurisdiction over these claims because Bach failed to fully pay her 2009-10 income tax liability, and also failed to duly file an administrative claim for 2009. *Greene-Thapedi*, 549 F.3d at 532 ("Under section 7422(d) [of the Internal Revenue Code], when the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for the year in which the IRS applied the credit"); *Kaffenberger v. United States*, 314 F.3d 944, 959 (8th Cir. 2003) ("the Kaffenbergers' failure to pay the full 1990 assessment prior to bringing this suit deprived the district court of jurisdiction over claims related to the 1990 assessment. Because the overpayments became credits against the 1990 tax liability when the IRS so applied them, we hold that the district court lacked jurisdiction to order a refund of the overpayments from 1994 through 1996 that were

credited against the 1990 liability").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The United States' motion to dismiss for lack of subject matter jurisdiction [ECF No. 12] is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **April 8, 2014** at **10:30 a.m. (Central Time)**. Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; and (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil

Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7. The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2014.

                                        **BY THE COURT:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**

**Civil L. R. 16. Pretrial Conferences; Scheduling; Management; Alternative Dispute Resolution.**

    **(a) Preliminary Pretrial Conferences.**

        **(1)**    A judge may require the parties to appear to consider the future conduct of the case. The parties must be prepared to discuss the matters enumerated in Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f). The parties also should be prepared to state:

            **(A)**    the nature of the case in 1 or 2 sentences;

            **(B)**    any contemplated motions;

            **(C)**    the parties' discovery plan, including the amount of further discovery each party contemplates, the approximate time for completion of discovery, and any disputes regarding discovery;

            **(D)**    whether the parties anticipate the disclosure or discovery of electronically stored information;

            **(E)**    whether the parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material, and whether the parties request the judge to enter an order including the agreement;

            **(F)**    whether settlement discussions have occurred;

            **(G)**    the basis for the Court's subject matter jurisdiction; and

            **(H)**    such other matters as may affect further scheduling of the case for final disposition.

                          Attachment A